Prince Sergio SEVILLA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70429.

I & NS No. A27–656–056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided March 20, 2002.

Before WARDLAW, W. FLETCHER, Circuit Judges, and WHYTE, District Judge.*

## MEMORANDUM**

Prince Sergio Sevilla ("Sevilla"), a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming, without opinion, an Immigration Judge's ("IJ") decision that pretermitted his application for adjustment of status under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. We have jurisdiction pursuant to 8 U.S.C. § 1252(b); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002), and we deny the petition.

Sevilla first argues that the regulations implementing the adjustment of status statute impose conditions not found in the INA and violate due process. Sevilla was paroled pursuant to Section 212(d)(5) of the INA; therefore, he is an arriving alien. 8 C.F.R. § 1.1(q) ("An arriving alien remains such even if paroled pursuant to section 212(d)(5) of the Act."). However, because Sevilla committed a crime of moral turpitude, he was placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I).

8 C.F.R. § 245.2(a)(1) provides:

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

An alien who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the Act of November 2, 1966, and § 245.1 shall apply to the director having jurisdiction over his or her place of residence unless otherwise instructed in 8 CFR part 245, or by the instruction on the application form. After an alien, *other than an arriving alien*, is in deportation or removal proceedings, his or her application for adjustment of status under section 245 of the Act or section 1 of the Act of November 2, 1966 shall be made and considered only in those proceedings. *An arriving alien, other than an alien in removal proceedings*, who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the Act of November 2, 1966, and § 245.1 shall apply to the director having jurisdiction over his or her place of arrival. An adjustment application by an alien paroled under section 212(d)(5) of the Act, which has been denied by the director, may be renewed in removal proceedings under 8 CFR part 240 only if:

(i) The denied application must have been properly filed subsequent to the applicant's earlier inspection and admission to the United States; and

(ii) The applicant's later absence from and return to the United States was under the terms of an advance parole authorization on Form I–512 granted to permit the applicant's absence and return to pursue the previously filed adjustment application.

8 C.F.R. § 245(a)(1) (emphasis added).

■ Further, under 8 C.F.R. § 245.1(c)(8), arriving aliens who are in removal proceedings, and who are not advance parolees, are ineligible to apply for adjustment of status to that of lawful permanent resident aliens under Section 245 of the INA. Therefore, arriving aliens generally may apply only to district directors of the INS to adjust status, and then only if the arriving alien has not been put in removal proceedings. Because Sevilla was never inspected and admitted into the United States, and never departed under a grant of advance parole, the IJ correctly determined that under the regulations she had no jurisdiction to review Sevilla's adjustment application.

■ Despite Sevilla's protestations, this is not a new rule that the INS is imposing. Sevilla, as an arriving alien, is in the same position as those aliens termed "excludable" before the permanent changes to IIRIRA took effect in 1997. Just as excludable aliens were eligible for adjustment of status only if they were returning to the United States under a grant of advance parole, 8 C.F.R. 245.2(a)(1) (1977), arriving aliens in removal proceedings remain eligible for adjustment of status under this same regulation, so long as they are returning to the United States with permission pursuant to advance parole. Therefore, no new regulation is being implemented against Sevilla in violation of due process.

■ Sevilla next asserts that 8 C.F.R. § 245.1(c)(8) (arriving aliens in removal proceedings generally cannot apply for adjustment of status) and 8 C.F.R. § 245.2(a) (allowing adjustment of status in removal proceedings for other aliens, as well as arriving aliens whose applications were previously denied by the district director so long as they previously were properly inspected and admitted and then deported and returned under a grant of advance parole) violate equal protection.

As an alien paroled into the United States, Sevilla has never made an admission or entry, either legally or illegally. 8 U.S.C. § 1182(d)(5) ("such parole of such

alien shall not be regarded as an admission of the alien"); *Barney v. Rogers*, 83 F.3d 318, 320 n. 1 (9th Cir.1996) ("Parole is the legal fiction whereby an alien is allowed to be physically present in the United States for a specific purpose. The alien is not deemed to have 'entered' the United States as that term is used in 8 U.S.C. § 1101(a)(13) of the Immigration and Nationality Act."). Since Sevilla has not made an entry into the United States, it becomes relevant that "[t]he Supreme Court has consistently recognized that our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category." *Ma v. Ashcroft*, 257 F.3d 1095, 1108 (9th Cir.2001) (citation omitted). As we previously noted, "it is 'not settled' that excludable aliens have any constitutional rights at all, so it is clear that they cannot prevail where the government refuses to admit them." *Id.* (citation and footnote omitted).

Therefore, since Sevilla is an arriving alien paroled into the United States, and thus deemed to never have made an entry into the United States, it does not violate equal protection to divest the immigration courts of jurisdiction over his adjustment of status and not those of aliens who have made an entry.

Finally, Sevilla challenges the BIA's decision to issue a streamlined decision. The BIA's decision in this case was issued in strict compliance with 8 C.F.R. § 3.1(a)(7)(iii), which authorizes, under certain circumstances, a single BIA member

to affirm, without opinion, the results of an IJ's decision. As the Supreme Court has made clear, "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). In this case, the BIA is entirely within its regulatory authority in deciding to issue a streamlined decision.

PETITION DENIED.